# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-41038
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROGELIO VILLARREAL-ESTEBIS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-316-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

A jury found Defendant-Appellant Rogelio Villarreal-Estebis guilty of conspiracy to import cocaine, importation of cocaine, conspiracy to possess with intent to distribute cocaine, and possession with intent to distribute cocaine. The district court sentenced him within the advisory guidelines range to concurrent 155-month sentences, to be followed by a five-year term of supervised release. On appeal, Villarreal-Estebis challenges both his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions and the guidelines calculations.  He first asserts that the evidence is insufficient to support his convictions because the Government failed to prove that he knew about the hidden compartment in his vehicle where the cocaine was found and that he knew of and participated in an agreement to violate the drug laws.  Villarreal-Estebis did not renew his motion for a judgment of acquittal at the close of all the evidence, so we review his claim to determine "whether there was a manifest miscarriage of justice."  *United States v. Delgado*, 256 F.3d 264, 274 (5th Cir. 2001) (internal quotation marks and citation omitted).

When illegal drugs are concealed in a hidden compartment, the Government must present circumstantial evidence, beyond mere control of a vehicle, that is suspicious in nature or demonstrates guilty knowledge.  *See United States v. Gil-Cruz*, 808 F.3d 274, 277 (5th Cir. 2015).  At trial, the Government presented ample circumstantial evidence that Villarreal-Estebis's story – that the drugs were concealed in the vehicle before he purchased it and were missed in an X-ray scan three days before the cocaine was discovered – is implausible.  *See United States v. Lopez-Monzon*, 850 F.3d 202, 208 (5th Cir. 2017).  In addition, Villarreal-Estebis's nervousness when he was referred for additional inspections at the port of entry, along with his inconsistent statements referring to the purchase of the Dodge Journey in which the cocaine was found, further indicate his guilt.  *See id.* at 207, 209.  The record thus is not "devoid of evidence pointing to guilt," and the evidence is not so tenuous that we should overturn the conviction.  *See United States v. McIntosh*, 280 F.3d 479, 483 (5th Cir. 2002) (internal quotation marks and citation omitted).

Villarreal-Estebis further asserts that the trial court's refusal to permit him to introduce evidence that a prior owner of the Dodge Journey was convicted of a drug offense, which occurred after the events giving rise to

No. 18-41038

Villarreal-Estebis's convictions, deprived him of his right to present a defense. We review alleged violations of the Sixth Amendment right to present a complete defense de novo, subject to review for harmless error, whereas a challenge to a district court's ruling on the admissibility of evidence is reviewed for abuse of discretion. *United States v. Skelton*, 514 F.3d 433, 438 (5th Cir. 2008); *United States v. DeLeon*, 170 F.3d 494, 497 (5th Cir. 1999). The Government asserts, however, that we should review for plain error because Villarreal-Estebis did not object on this ground. Here, the district court acted within its Rule 403 discretion in excluding the evidence relating to the criminal conviction of the third party; the probative value of the evidence was outweighed by the potential for jury confusion, given the timing of the incidents and the intervening ownership of the vehicle. *See United States v. Reed*, 908 F.3d 102, 113 n.33 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2655 (2019), *and cert. denied*, 139 S. Ct. 2658 (2019); *United States v. Ramos*, 537 F.3d 439, 455 (5th Cir. 2008). There, thus was no constitutional error, plain or otherwise.

With respect to his sentence, Villarreal-Estebis contends that the district court erred by imposing a two-level enhancement under U.S.S.G. § 3B1.4 for using minors to assist in avoiding detection of the offense. Whether Villarreal-Estebis used his children to avoid detection within the meaning of § 3B1.4 requires a legal conclusion that is reviewed de novo; findings of fact made in support of that determination are reviewed for clear error. *United States v. Mata*, 624 F.3d 170, 175 (5th Cir. 2010). "To trigger the enhancement, a defendant must take *some affirmative action* to involve the minor in the offense"; mere presence is insufficient. *United States v. Powell*, 732 F.3d 361, 380 (5th Cir. 2013) (internal quotation marks and citation omitted). The evidence presented at trial established that Villarreal-Estebis knew that he would be transporting drugs, and that he could have arranged for all of his

children to stay in the United States rather than taking two of those minors with him.  Villarreal-Estebis left his house knowing that he was going to commit the subject offenses, so "the act of bringing the [children] along instead of leaving [them] behind is an affirmative act that involves the minor in the offense."  *Mata*, 624 F.3d at 176.

Finally, Villarreal-Estebis claims that the district court should have granted a two-level downward adjustment under U.S.S.G. § 3B1.2 because he was merely a courier and was clearly less culpable than the average participant.  The question whether a defendant is subject to a mitigating-role adjustment is a factual finding reviewed for clear error.  *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016).  The instant record supports a plausible inference that Villarreal-Estebis understood the scope of the conspiracy, had sufficiently substantial responsibility and discretion in his criminal actions, and stood to benefit in some way from his acts.  § 3B1.2, comment. (n.3(C)).  Under these circumstances, the district court did not clearly err in denying such an adjustment.  *See United States v. Bello-Sanchez*, 872 F.3d 260, 264-65 (5th Cir. 2017); *Torres-Hernandez*, 843 F.3d at 209-10; *United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005).

The judgment of the district court is AFFIRMED.