# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41181

United States Court of Appeals
Fifth Circuit

**FILED**
September 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

BIANCA BELLO-SANCHEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH, OWEN, and HIGGINSON, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Bianca Bello-Sanchez appeals her sentence for methamphetamine-related offenses. She claims she should be resentenced because the district court committed clear error in denying her request for a mitigating-role adjustment and impermissibly treated her essential role in the crime as a *per se* bar to such an adjustment.

There is no clear error in the denial of the adjustment. Because the court

No. 16-41181

treated Bello-Sanchez's essential role as a relevant consideration instead of a *per se* rule, there is no occasion for a remand, and we affirm.

I.

Bello-Sanchez attempted to cross from Mexico into the United States with a concealed package of methamphetamine. Upon inspection and questioning by federal agents, she admitted she knew the package contained narcotics, showing that she knew she was part of the distribution chain that intended to distribute the contraband in the United States for pay. Bello-Sanchez claimed that earlier that day she had met with an unindicted co-conspirator, who provided the package and transported her to the crossing. That co-conspirator took a picture of Bello-Sanchez just before her departure and advised that someone would contact her by cellphone once she arrived in the United States. The co-conspirator then dialed a number on Bello-Sanchez's phone and saved the contact as "Brenda Zumba." The agents observed that Bello-Sanchez's phone had several missed calls from "Brenda Zumba."

Bello-Sanchez pleaded guilty of possessing with intent to distribute more than fifty grams of methamphetamine and aiding and abetting. The presentence report ("PSR") assigned a base offense level of 34, plus two levels because the offense involved the importation of methamphetamine. After a three-level reduction for acceptance of responsibility, the net total offense level was 33. The district court determined that Bello-Sanchez met the requirements for the so-called "safety-valve adjustment," which reduced her total offense level to 31, yielding a guideline range of 108 to 135 months.

The PSR did not recommend a role adjustment but instead made the following statement: "She was an active, knowing, and willing participant, instrumental in the instant offense. Her role as a paid drug courier was essential in the perpetration of the offense. The defendant's conduct does not merit

2

an aggravating or mitigating[-]role adjustment." Bello-Sanchez objected, contending that she was entitled to a mitigating-role adjustment under U.S. Sentencing Guidelines § 3B1.2 because "her role was substantially less culpable tha[n] the average participant in the criminal offense."

The probation officer replied with an Addendum to the PSR stating that Bello-Sanchez's "participation was not sufficiently peripheral to the advancement of the criminal activity" to warrant a mitigating-role adjustment. The Addendum asserted, based on Fifth Circuit precedent, that drug couriers "are not automatically entitled to a § 3B1.2 mitigating-role adjustment, [as] couriers are an indispensable part of the drug dealing network."

At the sentencing hearing, Bello-Sanchez again pursued her objection to the PSR by raising arguments under § 3B1.2's multi-factor test. She asserted a mitigating-role adjustment was appropriate because she had no proprietary interest in criminal activity and was merely being paid to perform a certain task. She disavowed knowledge of the criminal organization and averred that her role as a courier, "as compared to the other people in this organization," was "much less." She reminded the court that the lone fact that she performed an indispensable role "is not . . . determinative," to which the government's attorney responded, "as established by the Fifth Circuit, drug couriers are indispensable, they're essential and instrumental and, without the defendant having driven the drugs across, the drugs never would have reached the U.S." The court responded, "Yeah, I'm—I'm going to overrule the objection. I think her—she performed an essential task."

Ultimately, the court adopted the PSR, changing it only to reflect the safety-valve adjustment. It sentenced Bello-Sanchez below the guideline range to sixty months of imprisonment and three years of supervised release.

No. 16-41181

II.

Bello-Sanchez contends that (1) the denial of a mitigating-role adjustment was clearly erroneous, and (2) the district court committed reversible legal error by treating the essential nature of her task as outcome-determinative under U.S.S.G. § 3B1.2. She requests that this court vacate her sentence and either remand for resentencing with a mitigating-role adjustment or remand with an instruction for the district court to consider the factors listed in the commentary to § 3B1.2. In the alternative, she maintains that a remand is necessary because the court failed to articulate a permissible factual basis for denying the mitigating-role adjustment.

We review the district court's interpretation and application of the guidelines *de novo* and its factual finding that Bello-Sanchez was neither a minor nor minimal participant for clear error. *United States v. Gomez-Valle,* 828 F.3d 324, 327 (5th Cir. 2016). The latter will not be deemed clearly erroneous if "plausible in light of the record as a whole," *United States v. Villanueva,* 408 F.3d 193, 203 (5th Cir. 2005), and it is the defendant who bears the burden of showing the adjustment is warranted, *United States v. Torres-Hernandez,* 843 F.3d 203, 207 (5th Cir. 2016).

1.

Section 3B1.2 provides for a two-level decrease in the offense level if the defendant played a "minor" role in the criminal activity, a four-level decrease if his role was "minimal," and a three-level reduction for conduct falling between the two. § 3B1.2(a), (b). A minimal participant is one who is "plainly among the least culpable of those involved in the conduct of a group" and who demonstrates a "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others." § 3B1.2, cmt. n.4. A minor participant is one "who is less culpable than most other participants in the

4

No. 16-41181

criminal activity, but whose role could not be described as minimal." *Id.* at n.5.

In November 2015, shortly before Bello-Sanchez committed her offense, Amendment 794 became effective. *See United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016). It left the text of § 3B1.2 unchanged but made various revisions to the commentary. *See United States v. Castro*, 843 F.3d 608, 611−12 (5th Cir. 2016). Among other things, the amended commentary clarified that "the fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity."[1]

An "average participant" under § 3B1.2 "means only those persons who actually participated in the criminal activity at issue in the defendant's case so that the defendant's culpability is determined only by reference to his or her co-participants in the case at hand." *Torres-Hernandez,* 843 F.3d at 208–09 (footnote omitted). To address relative culpability, a district court "should consider" the following non-exhaustive, five-factor list:

> (i) The degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; (v) the degree to which the defendant stood to benefit from the criminal activity.

§ 3B1.2, cmt. n.3(c). Additionally, the revised commentary provides that "a

---

[1] U.S.S.G. § 3B1.2 cmt. n. 3(C); *see also United States v. Sanchez-Villarreal*, 857 F.3d 714, 722 (5th Cir. 2017) (explaining that, though a court may consider the fact that a defendant performed an essential task, it may not deny a mitigating-role adjustment solely on that basis).

defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." *Id.*

2.

Bello-Sanchez contends the denial of a mitigating-role adjustment was clear, non-harmless error under the commentary to § 3B1.2. But she cannot carry her burden of proof on the issue. As a preliminary matter, § 3B1.2 "does not provide an affirmative right to a [mitigating role] reduction to every actor *but* the criminal mastermind." *Gomez-Balle*, 828 F.3d at 331. Hence, the mere fact that Bello-Sanchez was but a courier is not dispositive.[2] Nor, in taking into account Bello-Sanchez's integral role, did the court err in determining whether she was entitled to a mitigating-role adjustment. As explained below, error lies only where the defendant's "integral role" is treated as a *per se* bar to mitigating-role adjustment and not where it is treated as a factor, even a heavily weighted one, in a broader calculus. *See United States v. Escobar*, 866 F.3d 333, 335−37 (5th Cir. 2017) (per curiam).

As applied to this case, the § 3B1.2 factors present a mixed bag: Some favor adjustment, while others counsel against. The same was true in *Torres-Hernandez*, 843 F.3d at 209–10, in which we affirmed the denial of a mitigating-role adjustment. There are multiple parallels to the defendant in that case. Favoring mitigation here are the fact that the government presented no evidence suggesting Bello-Sanchez's "participation in planning or organizing the criminal activity, or the degree to which [she] exercised decision-making authority or influenced the exercise of that authority." *Id.* On the

---

[2] *See Castro,* 843 F.3d at 612–13 (denying a mitigating-role reduction to a drug courier); *Torres-Hernandez,* 843 F.3d at 210 (same).

No. 16-41181

other hand, Bello-Sanchez "certainty understood" that she was "illegally trans-porting" contraband into the United States," she was to be "paid for [her]" participation, and the "evidence is clear . . . as to the nature and extent of . . . the acts [she] performed." *Id.* "In light of the record read as a whole," the factors support a plausible judgment in either direction. *See Villanueva*, 408 F.3d at 203. Hence, the determination that Bello-Sanchez was not a minor or minimal participant under § 3B1.2 was not clearly erroneous. *See id.*

3.

Bello-Sanchez's second claim—that the district court impermissibly relied on her integral role to the exclusion of all else—is stronger than her first but still unavailing. Our recent caselaw shows that parties pressing this argument face a particularly high evidentiary bar.

In *United States v. Castro*, 843 F.3d 608, 610, 612 (5th Cir. 2016), this court rejected a claim that the district court erred in adopting an addendum to the PSR that said that an adjustment was improper because the defendant had played an integral role. We explained that, in adopting the addendum, the court had weighed the defendant's integral role as "a factor" but not necessarily the "sole factor." *Id.* at 613. Because the court had a chance to consider the "the parties' arguments over [the defendant's] objections to the PSR and Ad-dendum," *id.*, which specifically addressed the guideline-commentary factors, *id.* at 613 n.5, we interpreted the court's adoption of the PSR to reflect rejec-tion, rather than neglect, of the defendant's arguments, *id.* at 613.

In *Torres-Hernandez*, we rejected a similar contention. The defendant claimed the court's statement that "getting the drugs into the United States is a critical role and is not a minor role by any means" proved that it treated defendant's essential role as a *per se* rule. *Torres-Hernandez,* 843 F.3d at 209. We instead rejected the inference, stressing that defense counsel had "made

7

No. 16-41181

various arguments based on Amendment 794," the government had countered, and "[t]he district court was not required to expressly weigh each factor in § 3B1.2 on the record." *Id.*

The facts of this case dictate a similar result. Like the defendants in *Castro* and *Torres-Hernandez*, Bello-Sanchez presented the sentencing court with relevant considerations under § 3B1.2 (e.g., that she lacked a proprietary interest in, and knowledge of, the criminal operation). Defense counsel cited § 3B1.2's bar against treating a defendant's essential role as "determinative"; and although the government relied heavily on that prong, it never suggested anything to the contrary. The district court likewise weighed Bello-Sanchez's "essential" role heavily in denying a mitigating-role adjustment, but it never crossed the threshold from "permissibly heavy weight" to "impermissibly dispositive rule." In fact, the district court in *Torres-Hernandez* drew much closer to that line when it equated a non-"minor" role with a "critical" one.[3]

Considering the record in light of applicable caselaw, the court appears to have rejected Bello-Sanchez's arguments "because it weighed the factors and concluded that based on the offense charged" and her "role in that offense," she was not a minor participant. *See Torres-Hernandez*, 843 F.3d at 210. We cannot conclude that "the district court was unaware of or failed to consider the factors in the commentary to § 3B1.2." *Id.*[4]

---

[3] *Torres-Hernandez*, 843 F.3d at 209 ("[G]etting the drugs into the United States is a critical role and is not a minor role by any means.").

[4] In *Torres-Hernandez*, the government's counterarguments concerned the defendant's understanding of the scope and structure of the criminal activity, which is a relevant factor under § 3B1.2, cmt. n.3(C). *See Torres-Hernandez*, 843 F.3d at 205, 209. In the present case, by contrast, the government's arguments focused on the fact that "couriers are indispensable, they're essential and instrumental." This difference is noteworthy but ultimately immaterial, for the absence of counterarguments by one party does not show that the court failed to consider defendant's arguments fully and weigh the factors in her favor.

No. 16-41181

Bello-Sanchez draws our attention to *Sanchez-Villarreal*, 857 F.3d at 722, in which this court found that the explanation for declining a mitigating-role adjustment "strongly suggest[ed] that [the court] made outcome determinative its finding that the [defendant] was critical."[5]   But *Sanchez-Villarreal* is distinguishable in that the sentencing hearing "occurred before the effective date of Amendment 794 to § 3B1.2, [and] the [district] court could not have considered the [commentary's] new [and less equivocal] guidance.  We vacated and remanded to give the court an opportunity to consider the Sentencing Commission's new comments." *Escobar*, 866 F.3d at 337 (citations omitted).  Here, the sentencing hearing took place after the Amendment had already gone into effect, and, as noted above, defense council alerted the court to the proper standard under the amended commentary.  *Id.*[6]

4.

Bello-Sanchez also contends remand is proper because the district court failed to consider the factors listed in commentary § 3B1.2.  But the district court need not weigh each § 3B1.2 factor on the record.  *Torres-Hernandez*, 843 F.3d at 209.  Alternatively, Bello-Sanchez suggests we should remand

---

[5] Here is the court's explanation in full in *Sanchez-Villarreal*, 857 F.3d at 717:

[B]ecause while it's true that he kind of may be not the person involved at the high end of the overall conspiracy, he may not be the person organizing everything, he may be not the person gaining the most financially from this, but—but he is—I'm hesitating to use the word "critical," but I'll go ahead and use the word "critical."  He is critical to the operation as far as moving the drugs. . . .  If we didn't have individuals like Mr. Sanchez willing to get this work done, then the choice from the people that are higher up would be either to stop doing it or to do it themselves, and then we'd be able to at least have those defendants facing the penalties.

[6] The district judge in *Sanchez-Villarreal* began her explanation by noting that she "probably had some disagreement with the guidelines." *Sanchez-Villarreal*, 857 F.3d at 717. Though the lower court's precise point of disagreement with the Guidelines is never stated expressly, the panel emphasized the brazen language because it undoubtedly supports a finding that the judge violated the Guideline's (pre-amended, and more equivocal) directive. *See id.* at 722.

9

No. 16-41181

because the court failed to articulate a permissible factual basis for denying the mitigating-role adjustment.[7]  But the rule in *Melton* is limited to cases in which the defendant "requested that the court articulate the factual basis for the court's finding and the reasons for refusing the reduction."  *Id.*  Bello-Sanchez made no such request, and *Melton* has no application.

The judgment of sentence is AFFIRMED.

---

[7] *See United States v. Melton*, 930 F.2d 1096, 1099 (5th Cir. 1991) (requiring the court to "articulate the factual basis for the finding that, in this particular offense, Melton was an average participant").

No. 16-41181

STEPHEN A. HIGGINSON, Circuit Judge, dissenting:

Consistent with *United States v. Sanchez-Villarreal*, 857 F.3d 714, 722 (5th Cir. 2017), I favor resentencing by the district court.