# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2017

Lyle W. Cayce
Clerk

No. 16-51016
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL RYAN NORTON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:16-CR-31-2

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Daniel Ryan Norton pleaded guilty to conspiring with two other people to possess with intent to distribute about 18 pounds of methamphetamine. He was sentenced to 151 months in prison, a sentence at the bottom of the advisory guideline range based on that drug amount. He contends that the district court committed clear error by refusing his request for an offense level reduction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

based on being a minor or minimal participant in the offense under U.S.S.G. § 3B1.2.

The denial of a mitigating role adjustment is reviewed for clear error and "will not be deemed clearly erroneous if plausible in light of the record as a whole." *United States v. Bello-Sanchez*, 872 F.3d 260, 263 (5th Cir. 2017) (internal quotation marks and citation omitted). Norton has the burden of demonstrating entitlement to a mitigating role adjustment. *See United States v. Perez-Solis*, 709 F.3d 453, 471 n.57 (5th Cir. 2013). No reduction is warranted unless Norton "was peripheral to the advancement of the criminal activity." *Id.* at 471 (internal quotation marks and citation omitted). The decision whether to apply § 3B1.2 is "based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." § 3B1.2, comment. (n.3(C)).

The record includes testimony that one of the co-conspirators considered Norton her "partner" and that she and Norton were going to split the purchase of six pounds of methamphetamine with more being provided on credit. Norton was carrying an amount of cash that substantially coincided with the cost of the three pounds that would be his share. Moreover, the court implicitly found that Norton's contrary unsupported assertions were not credible in light of other evidence. *See State v. Kleinert*, 855 F.3d 305, 318-19 (5th Cir. 2017) (noting that showing clear error is harder if the credibility of witnesses is a factor), *petition for cert. filed* (Aug. 23, 2017) (No. 17-299). Norton's conduct was fully congruent with the charged offense and was not peripheral to it. *Cf. Perez-Solis*, 709 F.3d at 471.

Norton fails to show that the district court committed clear error by finding that he was an average participant and by declining to award a

mitigating role reduction.  *See Bello-Sanchez*, 872 F.3d at 263.  The judgment is AFFIRMED.