**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0059n.06

No. 18-1246

### UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

FILED
Feb 05, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| TOLIVER MICHAEL BRAGG, JR., | ) MICHIGAN |
| | ) |
| Defendant-Appellant. | ) |

BEFORE: COLE, Chief Judge; BATCHELDER and DONALD, Circuit Judges.

PER CURIAM. Toliver Michael Bragg, Jr., appeals his sentence for drug and firearm offenses, challenging the district court's denial of a mitigating role adjustment under U.S. Sentencing Guidelines Manual § 3B1.2. As set forth below, we affirm Bragg's sentence.

Bragg and his girlfriend, Andrea Wilkes, sold cocaine out of their apartment to a confidential informant ("CI") on four occasions. On each occasion, the CI would call Wilkes and make arrangements to purchase cocaine; the CI would drive to their apartment and call Wilkes; and Bragg would exit the apartment, deliver the cocaine in exchange for money, and return to the apartment. Law enforcement subsequently executed a search warrant at Bragg and Wilkes's apartment, discovering approximately 80 grams of cocaine, nearly $2,000 in cash, three firearms, and boxes of ammunition.

A federal grand jury charged Bragg and Wilkes with conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), four

counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts Two through Five), possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Six), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Seven), and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (Count Eight). Bragg pleaded guilty without a written plea agreement to Counts Six and Seven. During the plea hearing, Bragg admitted that he knew about the cocaine found in the apartment and acknowledged that he participated in the drug transactions and "knew what the plan was." (R. 75, PageID 364.) Bragg also admitted that he possessed firearms for protection because of the drugs in the apartment.

Bragg's presentence report set forth a Guidelines range of 37 to 47 months of imprisonment for Count Six based on a total offense level of 15 and a criminal history category of V. Count Seven required a 60-month consecutive term of imprisonment. *See* 18 U.S.C. § 924(c)(1)(A)(i). In his objections to the presentence report, Bragg asserted that he should receive a two-level reduction in his offense level for his minor role pursuant to U.S.S.G. § 3B1.2(b). At sentencing, the district court overruled Bragg's objection to the denial of a mitigating role adjustment:

> Mr. Bragg's participation in this offense is certainly not substantially less culpable than the average participant for the reasons set forth by [the prosecutor] as well as his involvement in this case as I've just outlined in my questioning of [defense counsel]. I just don't think he is entitled to a minor role adjustment at all, because he is not substantially less culpable. He is critical to this operation here. I recognize he might not know the sources, but he is certainly delivering the drugs, and by his own admission, is armed while he is doing it, shares the proceeds with Miss Wilkes. And so for all of those reasons, he is not entitled to a mitigating role reduction. The objection is overruled. Accordingly, the guidelines remain the same as originally stated by the Court.

(R. 76, PageID 378.)

After considering the sentencing factors under 18 U.S.C. § 3553(a), the district court sentenced Bragg to 37 months on Count Six, the low end of the Guidelines range, followed by 60 months on Count Seven, for a total of 97 months of imprisonment.

On appeal, Bragg contends that the district court clearly erred in denying his request for a mitigating role adjustment and imposed a procedurally unreasonable sentence, asserting that the district court (1) failed to consider the factors under Amendment 794, which amended the commentary to U.S.S.G. § 3B1.2; (2) incorrectly relied on his "critical" role in the offense; (3) based its determination on clearly erroneous facts; and (4) failed to compare his role in the criminal activity with Wilkes's role. We review the denial of a mitigating role adjustment for clear error. *United States v. Lanham*, 617 F.3d 873, 888 (6th Cir. 2010). "To be clearly erroneous, . . . a decision must strike [us] as more than just maybe or probably wrong; it must strike us as wrong with the force [of] a five-week-old, unrefrigerated dead fish." *Id.* (quoting *United States v. Perry*, 908 F.2d 56, 58 (6th Cir. 1990)). In reviewing a sentence for procedural reasonableness, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Section 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2, cmt. 3(A). Amendment 794 amended § 3B1.2's commentary, adding "a non-exhaustive list of factors for the court to consider in determining whether to apply a mitigating role adjustment and, if so, the amount of the adjustment." U.S.S.G. Suppl. App. C, Amend. 794, at 109 (Nov. 1, 2018). Those factors are:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;
(ii) the degree to which the defendant participated in planning or organizing the criminal activity;
(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
(v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2, cmt. 3(C).

Bragg first argues that the district court imposed a procedurally unreasonable sentence by failing to consider the Amendment 794 factors. The parties dispute whether we should review the sentence for clear error or plain error, but it is unnecessary for us to decide between these competing standards of review, because we arrive at the same result under either standard. *United States v. White*, 563 F.3d 184, 196 (6th Cir. 2009); *United States v. Williams*, 321 F. App'x 486, 488–89 (6th Cir. 2009). Bragg cannot show clear error, let alone plain error. As Bragg concedes in his reply brief, "the district court engaged in a discussion on the record regarding [the Amendment 794] factors." (Reply Br. 4.) The district court specifically inquired into the nature and extent of Bragg's participation in the criminal activity and the degree to which he stood to benefit from the criminal activity. *See* U.S.S.G. § 3B1.2, cmt. 3(C).

Bragg also argues that the district court misapplied the standard for applying a mitigating role adjustment by relying on his "critical" role in the offense. Section 3B1.2's commentary provides: "The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2, cmt. 3(C). This commentary has been interpreted to mean that "a court does not err by taking into account a defendant's integral role in an offense when deciding whether [he]

is entitled to a § 3B1.2 adjustment, as long as [his] role is not the sole or determinative factor in its decision." *United States v. Castro*, 843 F.3d 608, 612–13 (5th Cir. 2016); *see also United States v. Bello-Sanchez*, 872 F.3d 260, 264 (5th Cir. 2017) ("[E]rror lies only where the defendant's 'integral role' is treated as a *per se* bar to mitigating-role adjustment and not where it is treated as a factor, even a heavily weighted one, in a broader calculus."). Here, Bragg's "critical" role was not the "sole or determinative factor" cited by the district court in denying a mitigating role adjustment. In determining that Bragg was not substantially less culpable, the district court pointed out that he delivered the drugs, was armed with guns, and shared equally in the proceeds with Wilkes. These observations correspond with several of the factors enumerated in the comments to § 3B1.2, including the "nature and extent of the defendant's participation in the commission of the criminal activity" and the "degree to which the defendant stood to benefit from the criminal activity." U.S.S.G. § 3B1.2, cmt. 3(C). Thus, the district court did not commit clear error by considering Bragg's critical role in conjunction with these permissible factors.

According to Bragg, the district court also relied on clearly erroneous facts in denying a mitigating role adjustment. Bragg first argues that the district court failed to account for Wilkes's credibility issues in adopting the government's argument, which was based on her "highly suspect" statements to law enforcement. The government referred to Wilkes's statements that Bragg procured the cocaine and directed her activities. But the sentencing record shows that the district court did not rely on Wilkes's statements and instead assumed that Bragg "might not know the sources" for the cocaine. (R. 76, PageID 378.)

Bragg next argues that the district court clearly erred in stating that he admitted to being armed while delivering cocaine to the CI. The district court stated that Bragg "is certainly delivering the drugs, and by his own admission, is armed while he is doing it." (*Id.*) Bragg

acknowledges that he possessed firearms in the apartment, but he asserts that there was no evidence that he was armed while delivering drugs. At the time of his sentencing, Bragg had already pleaded guilty to "possession of a firearm in furtherance of drug trafficking," and when the district court questioned Bragg about the factual basis for his plea, Bragg agreed that "at least one of the reasons [he] had that .38 caliber Rossi pistol with [him] in the house was to protect [himself] because of the drugs that were in the house." (R. 75, PageID 337, 344, 365–67.) The sentencing record, read as a whole, reflects that the district court was making a general statement that Bragg was armed *in the course of trafficking drugs*, not making a specific finding that he carried a gun when he walked outside to deliver cocaine to the CI. Thus, the district court's observation was not clear error.

Bragg finally argues that the district court failed to consider his role in the criminal activity as compared to Wilkes's role. But the district court did consider their relative culpability. The court specifically asked Bragg's counsel how Bragg was "substantially less involved or less culpable than the average participant" and noted that Bragg "[s]hared equally in the proceeds with Miss Wilkes." (R. 76, PageID 377–78.) Then, after considering both parties' arguments regarding culpability, the court ultimately concluded that Bragg was "certainly not substantially less culpable than the average participant," stating: "I believe that he and Ms. Wilkes were working together rather closely. I don't know whether there was somebody who was more culpable than others, but as previously I have ruled, he certainly wasn't less culpable than anyone else." (*Id.* at 378, 388.) The district court's determination that Bragg was not substantially less culpable was not clearly erroneous.

For these reasons, we affirm Bragg's sentence.