# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 18-50503
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 20, 2019

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMIRO D. RAMIREZ, JR., also known as Ram, also known as Ramiro Ramirez,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:16-CR-1115-18

————

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Ramiro D. Ramirez, Jr., pleaded guilty to a single count of conspiracy to possess with intent to distribute a controlled substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(C), and was sentenced to 121 months in prison. Ramirez appeals his sentence.

Ramirez argues that the district court erred by not applying a mitigating-role adjustment pursuant to U.S.S.G. § 3B1.2. He contends that an

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50503

adjustment should have been awarded because he was relatively insignificant to the conspiracy and was the least culpable of its participants. Ramirez asserts that he was not principally involved in the distribution of cocaine and that his role in the conspiracy was limited to ensuring that electricity was supplied to a single crack house and, on a few instances, distributing cocaine.

At sentencing, a defendant must demonstrate by a preponderance of the evidence that he is entitled to an adjustment under § 3B1.2. *See United States v. Miranda*, 248 F.3d 434, 446 (5th Cir. 2001). We review factual findings, including whether a § 3B1.2 reduction was merited, for clear error. *See United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).

Ramirez failed to establish the level of culpability of the average participant in the conspiracy or demonstrate that he was substantially less culpable than that participant. *See* § 3B1.2, comment. (n.3(A)); *United States v. Anchundia-Espinoza*, 897 F.3d 629, 634 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1291 (2019); *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016). Ramirez acknowledges that he went to a property used for cocaine distribution daily to turn on the generator, that he sometimes was paid for this work in cocaine, and that he was given quantities of cocaine and instructed to deliver them to buyers. Based on these facts, the district court's denial of a § 3B1.2 adjustment was plausible in light of the entire record and, thus, not clearly erroneous. *See Villanueva*, 408 F.3d at 203. The determination also was consistent with the list of factors set forth in the commentary to § 3B1.2. *See* § 3B1.2, comment. (n.3(C)); *United States v. Bello-Sanchez*, 872 F.3d 260, 264 (5th Cir. 2017) (holding that a district court need not weigh each § 3B1.2 factor on the record).

AFFIRMED.