# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50553
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS FERNANDO ESTRADA-PONCE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-2498-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Luis Fernando Estrada-Ponce was convicted by a jury of four counts: conspiracy to import 100 kilograms or more of marijuana, importation of 100 kilograms or more of marijuana, conspiracy to possess 100 kilograms or more of marijuana with intent to distribute, and possession of 100 kilograms of marijuana with intent to distribute. He was sentenced within the guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50553

range to concurrent 70-month terms of imprisonment and to concurrent four-year periods of supervised release.

In this appeal, Estrada-Ponce raises a single issue: whether the district court erred in failing to explain adequately its reasons for ruling that he had a neutral role in the offense, rather than a minimal role. Our review is for plain error. *See United States v. Fernandez*, 770 F.3d 340, 345 (5th Cir. 2014). Accordingly, Estrada-Ponce must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If Estrada-Ponce makes such a showing, we have the discretion to correct the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 135 (internal quotation marks, brackets, and citation omitted).

Estrada-Ponce invokes *United States v. Melton*, 930 F.2d 1096, 1099 (5th Cir. 1991), which has been limited to cases in which counsel asked the sentencing court to articulate the factual basis for its finding and the reasons for refusing a role reduction. *United States v. Bello-Sanchez*, 872 F.3d 260, 266 (5th Cir. 2017). Counsel did not make such a request in this case.

After hearing argument, the district court stated expressly that it believed that a mitigating role adjustment was unwarranted. Estrada-Ponce has not shown that the district court committed reversible plain error in failing to explain further the factual basis and reasons for its ruling. *See Puckett*, 556 U.S. at 135.

AFFIRMED.