# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11393
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN JIMENEZ-NAVA, also known as Cesar Edmundo Murguia,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-93-3

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Jimenez-Nava, also known as Cesar Edmundo Murguia, appeals the within-Guidelines, 262-month sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. He argues that the district court reversibly erred by rejecting his request for a mitigating-role adjustment under U.S.S.G. § 3B1.2, and he alternatively

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11393

argues that remand is proper because the district court failed to articulate its factual basis for rejecting his request, as required by *United States v. Melton*, 930 F.2d 1096, 1099 (5th Cir. 1991).

Whether a defendant is a minor or minimal participant under Section 3B1.2 is a factual question reviewed for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016). The district court implicitly found that Jimenez-Nava's conduct was neither minimal nor minor. This finding was plausible in light of the record as a whole. Thus, the district court did not clearly err by rejecting Jimenez-Nava's request for a mitigating-role adjustment. *United States v. Villanueva*, 408 F.3d 193, 203–04 (5th Cir. 2005).

As for Jimenez-Nava's argument that remand is proper in light of *Melton*, we have limited remand to cases in which counsel asked the sentencing court to articulate the factual basis for its finding and the reasons for refusing a role reduction. *See United States v. Bello-Sanchez*, 872 F.3d 260, 266 (5th Cir. 2017). Because Jimenez-Nava made no such request, *Melton* has no application here.

Accordingly, the district court's judgment is AFFIRMED.