# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2020

No. 19-40568
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ANGEL ZAMBRANO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:17-CR-286-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Juan Angel Zambrano pleaded guilty of possession with intent to distribute more than 50 grams of methamphetamine, and he was sentenced below the guidelines range to a 130-month term of imprisonment and to a five-year period of supervised release. He raises a single issue—whether the district court reversibly erred by rejecting his request for a mitigating-role adjustment under U.S.S.G. § 3B1.2.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40568

Our review is for clear error. *See United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Id.* (internal quotation marks and citation omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Harris*, 740 F.3d 956, 967 (5th Cir. 2014) (internal quotation marks and citation omitted).

The district court found that Zambrano, a drug courier, was an average participant and was not entitled to a mitigating-role adjustment. *See United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005); *see also United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016). Although the record does not reflect that Zambrano participated in planning or organizing the criminal activity or that he had decision making authority over others, he knew he was transporting contraband and he expected to be paid for his efforts. *See* § 3B1.2, comment. (n.3(C)). Because some factors weigh in favor of the mitigating-role adjustment and others do not, the district court's adverse ruling was not clearly erroneous. *See United States v. Bello-Sanchez*, 872 F.3d 260, 263-65 (5th Cir. 2017); *Harris*, 740 F.3d at 967. The judgment is AFFIRMED.