# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2020

Lyle W. Cayce
Clerk

No. 19-41007

United States of America,

*Plaintiff—Appellee*,

*versus*

Pedro Sebastian Arreola,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-615-1

Before Jolly, Elrod, and Graves, *Circuit Judges*.
Per Curiam:*

Defendant-Appellant Pedro Arreola ("Arreola") appeals the district court's denial of his request for a mitigating role adjustment pursuant to U.S.S.G. § 3B1.2. For the following reasons, we AFFIRM.

Arreola pleaded guilty to importing 35 kilograms of methamphetamine into the U.S., 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1).

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-41007

On the day of the offense, Arreola drove his brother Jose's truck, with Jose as a passenger, from Mexico to the Donna Texas Port of Entry. Customs and Border Patrol Agents discovered methamphetamine in the vehicle. Within the week prior to the offense, Jose communicated and met with several individuals about his vehicle, presumably regarding the logistics of transporting the drugs. One day prior to the offense, Arreola and Jose travelled to and from the U.S. It is not clear whether this errand involved drugs.

Arreola admitted to knowing that "some sort of drug" was in the vehicle and that he intended to transport it into the U.S. He would be paid $500, and Jose would receive $1,000, but the sum total would be deposited into Arreola's bank account. Arreola also later gave authorities the location in Mexico of one of the individuals involved in the operation.

At sentencing, Arreola requested a minor role adjustment. The district court declined finding that he was an average participant, and it sentenced him to 168 months in custody with a three-year term of supervised release.

Arreola argues on appeal that the district court clearly erred by denying his request for a two-level reduction under § 3B1.2. He argues that the PSR established the culpability of the other participants and that he was substantially less culpable than them. Specifically, the other individuals provided the instructions, instrumentalities, and the drugs. Conversely, Arreola was recruited by Jose only to drive the vehicle transporting the drugs, and Arreola did not communicate with the other parties. He claims to have had no role in the decision making or planning, and he lacked any discretion in the operation.

Whether a defendant is subject to a mitigating role adjustment under § 3B1.2 is a factual finding reviewed for clear error, and it is to be upheld if

"plausible in light of the record as a whole." *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016) (internal quotation marks and citation omitted). When some of the factors in § 3B1.2 support the reduction, but others do not, the district court does not clearly err in denying the reduction. *See United States v. Bello-Sanchez*, 872 F.3d 260, 264-65 (5th Cir. 2017).

The district court's ruling that Arreola was an average participant and thus not entitled to a reduction is plausible in light of the record as a whole, similar to the situation in *Bello-Sanchez*, 872 F.3d at 264-65, where the balancing of the factors also presented a "mixed bag." Weighing in favor of the adjustment are the lack of evidence that Arreola knew the large quantity of drugs that he would be transporting, that he participated in the planning or organizing, or that he made decisions about the operation. Furthermore, the degree to which he stood to benefit from the operation was low—his compensation for transporting approximately two million dollars' worth of drugs was $500. Conversely, the evidence weighing against the adjustment includes Arreola knowingly transporting the drugs into the U.S. with his brother as a passenger, the use of his bank account to not only accept his payment but also his brother's payment, and his knowledge of the Mexican address of one of the individuals involved. Because the factors support a plausible judgment in either direction, the district court did not clearly err, *Bello-Sanchez*, 872 F.3d at 264-65, and its judgment is AFFIRMED.