# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2021

Lyle W. Cayce
Clerk

No. 20-10550
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SERGIO AMAYA-MARTINEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-362-15

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Sergio Amaya-Martinez pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C). The district court sentenced Amaya-Martinez to 168 months of imprisonment and three years of supervised release. Amaya-

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Martinez appeals, arguing that the district court erred in denying his request for a mitigating role adjustment under U.S.S.G. § 3B1.2.

This court reviews preserved challenges to the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *See United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011). Whether Amaya-Martinez was a minimal or minor participant under § 3B1.2 is a factual determination that this court reviews for clear error. *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016).

According to Amaya-Martinez, he "was clearly a less than average participant" and "substantially less culpable" than his co-conspirators Bernardo Martinez and Carlos Dominguez. *See United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016). He claims that he "did not plan or organize the [criminal] activity"; he had no decision-making authority and merely "followed orders"; he was not the supply source or "even the middleman"; and was "on the lower rung of the participant ladder" below his co-conspirators Martinez and Dominguez.

Amaya-Martinez provides no record citations for these claims, but as the presentence report explains, the members of the conspiracy "maintained a fluid hierarchy that evolved over time." Additionally, the record shows that Amaya-Martinez actively participated in three large drug transactions.

Amaya-Martinez relies on a single case, *United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996), for the proposition that he was entitled to at least a two-point, minor role adjustment. He makes several comparisons between his conspiracy-related activities and those of the defendant in *Sotelo*, who received a two-point reduction for a minor role. *See id.* This argument is unavailing as "the defendant's culpability is determined only by reference to his or her co-participants in the case at hand." *United States v. Bello-Sanchez*,

No. 20-10550

872 F.3d 260, 264 (5th Cir. 2017) (internal quotation marks and citation omitted).

Even if this court could consider a defendant's conduct in an unrelated case, *Sotelo* is of little benefit to Amaya-Martinez. In *Sotelo*, 97 F.3d at 799, the propriety of the minor role reduction was not at issue on appeal, and this court did not comment on its appropriateness. Rather, the *Sotelo* court rejected the defendant's claim that he should have received a four-point reduction for being a minimal (rather than a minor) participant. *Id.*

Because Amaya-Hernandez has failed to carry his burden of showing that he was entitled to a mitigating role adjustment, the judgment of the district court is AFFIRMED. *See Torres-Hernandez*, 843 F.3d at 207.