# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2021

Lyle W. Cayce
Clerk

No. 20-10621
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LEDANIEL VERNELL RUSSELL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-367-2

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Ledaniel Vernell Russell pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance, specifically 50 grams or more of methamphetamine, and the district court sentenced him within the advisory guidelines range to 155 months of imprisonment and a five-year

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

term of supervised release.  Russell challenges both the procedural and substantive reasonableness of his sentence.

We review sentences for reasonableness in light of the sentencing factors of 18 U.S.C. § 3553(a).  *Gall v. United States*, 552 U.S. 38, 46, 49-50 (2007).  Under the bifurcated review process of *Gall*, we first examine whether the district court committed procedural error.  *Id.* at 51.  If the sentence is procedurally reasonable, we then review it for substantive reasonableness in light of the § 3553(a) factors.  *Id.*

First, Russell argues that the district court imposed a procedurally unreasonable sentence when it denied his "Motion for Downward Departure Based on U.S.S.G. [§] 3B1.2 Mitigating Role."  He asserts that he was less culpable than the average participant in the conspiracy, emphasizing that his participation was limited to a single transaction, he neither planned nor organized the criminal activity, and he had no decision-making authority in the conspiracy.

To the extent Russell is appealing the denial of a motion for a downward departure, we lack jurisdiction to review the challenge.  *See United States v. Tuma*, 738 F.3d 681, 691 (5th Cir. 2013).  To the extent he is challenging the denial of a mitigating role reduction under § 3B1.2, Russell has failed to show that the district court clearly erred in denying him a role adjustment.  *See United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016).  Russell's involvement in various aspects of the enterprise, including negotiations over the price of the methamphetamine and distribution of that methamphetamine to his own customers, belies his claims that he lacked an understanding of the scope and structure of the enterprise or the activities of the others in the group or that his actions were peripheral to the goal of the criminal conspiracy.  *See* § 3B1.2, comment. (nn.3-4); *United States v. Bello-Sanchez*, 872 F.3d 260, 264 (5th Cir. 2017); *United States v. Castro*, 843 F.3d

No. 20-10621

608, 613-14 (5th Cir. 2016). The district court's conclusion that Russell failed to show he played a substantially less culpable role than his co-conspirators is plausible in light of this record. *See Bello-Sanchez*, 872 F.3d at 264.

Russell also argues that the district court imposed a substantively unreasonable sentence because it did not adequately consider the § 3553(a) sentencing factors. He emphasizes that the offense involved a single transaction and argues that his role in the conspiracy was minimal and less than the other participants. Russell also contends that the district court did not address whether the methamphetamine Russell purchased was actual methamphetamine or some type of mixture, a factor that seriously impacted his sentencing exposure and creates unwarranted sentencing disparities. Further, Russell asserts that the district court afforded too much weight to Russell's criminal history and ignored that his mental health issues contributed to his prior criminal activity.

We review preserved challenges to the substantive reasonableness of the sentence for an abuse of discretion, *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015), and apply a rebuttable presumption of reasonableness to properly calculated sentences that are within the guidelines sentencing range, *United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006). To rebut this presumption, the defendant must show that "the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Russell's argument that the district court failed to account for his minimal role in the criminal conspiracy is unavailing, as the district court heard that precise argument by Russell and informed him that it would

No. 20-10621

consider all evidence and arguments when fashioning a sentence. Equally unavailing is Russell's argument that the district court did not address the purity of the methamphetamine when sentencing him. At sentencing, the district court agreed with the Government's assertion regarding an error in the initial presentence report detailing the amount of actual methamphetamine attributable to Russell, and the court specifically stated that it had considered the amended presentence report when determining Russell's guidelines range of imprisonment. Moreover, even if the district court had a policy disagreement with the Guidelines based upon sentencing disparities in methamphetamine cases, it was not required to impose a lesser sentence in Russell's case because of it. *See United States v. Malone*, 828 F.3d 331, 338-39 (5th Cir. 2016).

Additionally, Russell has not shown any abuse of discretion by the district court in its consideration of his criminal history. *See Diehl*, 775 F.3d at 724. The district court clearly stated that it would consider the arguments by both parties about Russell's criminal history when sentencing him. Further, contrary to Russell's contention, the district court was aware of his mental health struggles given its adoption of the presentence report's factual findings, which detailed those struggles, and its imposition of mental health treatment as a condition of supervised release.

In light of the foregoing, Russell has shown no error related to the substantive reasonableness of his sentence. *See Diehl*, 775 F.3d at 724; *Cooks*, 589 F.3d at 186. The judgment of the district court is AFFIRMED.