# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2021

Lyle W. Cayce
Clerk

No. 21-50064
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Salvador Rea,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-349-1

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Salvador Rea appeals his sentence following his conviction for possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). He contends that the district court committed clear error by denying him a minor role adjustment under § 3B1.2

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

of the Sentencing Guidelines. He asserts that, because he was a one-time drug courier who was given specific orders and had no ability to exercise discretion, he was substantially less culpable than the average participant and is thus entitled to the minor role adjustment. He also asserts that his statements in the presentence report (PSR) regarding his level of involvement in the offense had sufficient indicia of reliability, even though they were uncorroborated, and that the PSR, the PSR addenda, and the district court did not provide any analysis of the Guidelines factors or his culpability in comparison to the average participant.

Under § 3B1.2, a defendant's offense level is reduced by two if the court finds that his or her role in the offense was that of a minor participant, meaning that he or she is "less culpable than most other participants in the criminal activity, but [had a] role [that] could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5. Whether a defendant was a minor or minimal participant under § 3B1.2 is a factual determination that we review for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016). The defendant has the burden of demonstrating his entitlement to a minor role adjustment by a preponderance of the evidence. *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016). A district court has not clearly erred if the finding is plausible considering the record. *Gomez-Valle*, 828 F.3d at 327.

To the extent Rea contends that the district court failed to consider the non-exhaustive list of factors in application note 3(C) to § 3B1.2, the district court need not explicitly discuss each factor on the record. *See United States v. Torres-Hernandez*, 843 F.3d 203, 209–10 (5th Cir. 2016). And Rea has not otherwise shown that the district court clearly erred by rejecting his arguments for a minor role adjustment. *See United States v. Bello-Sanchez*, 872 F.3d 260, 264–65 (5th Cir. 2017); *Gomez-Valle*, 828 F.3d at 327. Notably, Rea's own description of his involvement in the offense presents, at best, a "mixed bag." *See Bello-Sanchez*, 872 F.3d at 264. For example, his

No. 21-50064

statements that he was instructed where to go and that he was not involved in the loading of the truck could indicate a lack of decision-making authority, a lack of discretion in participation, and a lack of involvement in the planning or organizing of the activity. *See* § 3B1.2 cmt. n.3(C)(ii)–(iv). On the other hand, his statement that he was to be paid over $5,000 to deliver the drugs and law enforcement's statement that numerous bundles of marijuana, totaling 210.01 kilograms, were spread throughout the passenger side front seat and throughout the rear of the vehicle, could show that he benefitted from and understood the scope of the criminal activity and that he participated substantially in the activity. *See id.* n.3(C)(i), (iv), (v). Under the totality of the circumstances, the factors can be plausibly interpreted to support a judgment either way; thus, Rea has not demonstrated that the district court committed clear error. *See Bello-Sanchez*, 872 F.3d at 264–65 (finding no clear error where factors supported plausible judgment in either direction); *Gomez-Valle*, 828 F.3d at 327.

AFFIRMED.