# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2022

Lyle W. Cayce
Clerk

No. 21-10839
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROSHUA MARQUISTON WHITE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:20-CR-339-8

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

Roshua White pleaded guilty of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, and he was sentenced below the advisory guidelines range to 168 months of imprisonment and three years of supervised release. He appeals his sentence, main-

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10839

taining that the district court clearly erred by denying him a two- to four-level minor- or minimal-role reduction under U.S.S.G. § 3B1.2. White alleges that a two- to four-level reduction was warranted because his involvement in the overall conspiracy was minor or minimal. He points to the fact that he brokered only one transaction and that there was no evidence that he benefited financially or was essential or indispensable to the wider conspiracy.

Because White preserved his arguments by raising them in the district court, we review "the district court's interpretation and application of the Sentencing Guidelines *de novo*" and its "findings of fact and its application of the Sentencing Guidelines to those findings of fact . . . for clear error." *United States v. Cedillo–Narvaez*, 761 F.3d 397, 401 (5th Cir. 2014). Whether a defendant is a minor or minimal participant under § 3B1.2 is a factual question reviewed for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016).

Although White did not receive any financial benefit from the transaction, the district court could plausibly find that White's conduct was not peripheral to the advancement of the illegal activity and did not warrant a reduction. *See id.* White knew he was brokering a methamphetamine transaction. Moreover, brokering the transaction was not a peripheral activity. Despite that White's actions may have been peripheral to the overall drug conspiracy, they were not peripheral to this particular transaction, and he was sentenced only for participating in it. *See United States v. Bello-Sanchez*, 872 F.3d 260, 264 (5th Cir. 2017).

The district court did not clearly err by denying White a § 3B1.2(b) role reduction. *United States v. Anchundia-Espinoza*, 897 F.3d 629, 634 (5th Cir. 2018); *Bello-Sanchez*, 872 F.3d at 264-65; *Gomez-Valle*, 828 F.3d at 329.

AFFIRMED.