# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2023

Lyle W. Cayce
Clerk

———————

No. 22-40355
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Karla Jessica Perez,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:21-CR-644-1

———————————————————

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Karla Jessica Perez pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841, 846, and she was sentenced below the advisory guidelines range to 70 months of imprisonment and three years of supervised release. She appeals her sentence, arguing that the district court clearly erred by

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

denying her a two-level minor role reduction under U.S.S.G. § 3B1.2. Perez alleges that a two-level reduction was warranted because her involvement in the overall conspiracy was minor. She points to the fact that there was no evidence that she directly benefited financially or that she was essential or indispensable to the wider conspiracy.

Because Perez preserved her arguments by raising them in the district court, we review "the district court's interpretation and application of the Sentencing Guidelines *de novo*" and its "findings of fact and its application of the Sentencing Guidelines to those findings of fact . . . for clear error." *United States v. Cedillo–Narvaez*, 761 F.3d 397, 401 (5th Cir. 2014). Whether a defendant is a minor participant under § 3B1.2 is a factual question reviewed for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016).

While Perez did not receive any direct financial benefit from the transaction, the district court could plausibly find that Perez's conduct was not peripheral to the advancement of the illegal activity and did not warrant a reduction. *See id.* Perez knew she was transporting illegal drugs across the border. Moreover, transporting the methamphetamine and communicating with and participating in money transfers with known methamphetamine suppliers are not peripheral activities. While Perez's actions may have been peripheral to the overarching drug conspiracy, they were not peripheral to these particular transactions, and she was only sentenced for participating in those transactions. *See United States v. Bello-Sanchez*, 872 F.3d 260, 264 (5th Cir. 2017). The district court did not clearly err by denying Perez a § 3B1.2(b) role reduction. *United States v. Anchundia-Espinoza*, 897 F.3d 629, 634 (5th Cir. 2018); *Bello-Sanchez*, 872 F.3d at 264-65; *Gomez-Valle*, 828 F.3d at 329.

The district court's judgment is AFFIRMED.