# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-50079
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Courtney Michelle Booth,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:21-CR-37-2

———————————————————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Courtney Michelle Booth pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute at least 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846. On appeal, Booth argues that the district court erred by declining

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to apply a mitigating role offense level decrease under U.S.S.G. § 3B1.2 and two associated decreases under U.S.S.G. § 2D1.1.

In general, the district court's interpretation or application of the Sentencing Guidelines is reviewed de novo, and its factual findings are reviewed for clear error. *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016). Whether a defendant was a minor or minimal participant is a factual determination subject to clear error review. *Id.* A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole. *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). Booth objected to the district court's refusal to apply the four-level minimal participant decrease, and thus we review this issue for clear error. *See Torres-Hernandez*, 843 F.3d at 207. However, because Booth did not argue before the district court that a two-level minor participant decrease was warranted, this issue is subject to plain error review. *See United States v. Martinez-Larraga*, 517 F.3d 258, 272 (5th Cir. 2008). To succeed on plain error review, the defendant must demonstrate that (1) there is an error "that has not been intentionally relinquished or abandoned," (2) the error was clear or obvious, and (3) the error affected his "substantial rights." *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the defendant makes this showing, we have the discretion to correct the error "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

It is uncontested that Booth was not a part of the large drug trafficking organization for which her co-defendant was a distributor. However, the defendant's culpability is compared only to that of the "average participant" which, under § 3B1.2, "means only those persons who actually participated in the criminal activity at issue in the defendant's case, so that the defendant's culpability is determined only by reference to his or her co-

participants in the case at hand." *Torres-Hernandez*, 843 F.3d at 208-09 (internal quotation marks and citation omitted).

Booth has failed to demonstrate that she was substantially less culpable than her co-defendant in their joint criminal activity of possessing methamphetamine in her co-defendant's vehicle. *See* § 3B1.2, comment. (n.3(A)). The record reflects that Booth was present with her co-defendant during four methamphetamine pickups, the methamphetamine at issue was discovered directly under her seat in the vehicle when she and her co-defendant were arrested, and she admitted that these were her drugs. Accordingly, the district court did not clearly err by declining to apply a four-level minimal participant decrease. *See Torres-Hernandez*, 843 F.3d at 208-09; *see also United States v. Bello-Sanchez*, 872 F.3d 260, 264-65 (5th Cir. 2017). Furthermore, Booth is unable to demonstrate that the district court plainly erred by failing to apply a two-level minor participant decrease. *See Bello-Sanchez*, 872 F.3d at 264; *see also Martinez-Larraga*, 517 F.3d at 272.

Because Booth has not demonstrated that the district court erred by declining to apply a mitigating role offense level decrease under § 3B1.2, the district court did not err by declining to apply the two associated mitigating role offense level decreases under § 2D1.1(a)(5) and § 2D1.1(b)(17).

The district court's judgment is AFFIRMED.