# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2021

Lyle W. Cayce
Clerk

No. 20-50986
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ALEJANDRO MONTES-QUINTANA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-279-1

Before JONES, BARKSDALE, and STEWART, *Circuit Judges*.

PER CURIAM:*

Alejandro Montes-Quintana pleaded guilty, without the benefit of a written plea agreement, to: one count of importing 100 kilograms or more of marihuana, in violation of 21 U.S.C. §§ 952 and 960; and one count of possessing, with intent to distribute, 100 kilograms or more of marihuana, in

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  He was sentenced to, *inter alia*, a within-Sentencing Guidelines term of 78-months' imprisonment on each count, to run concurrently.  Montes-Quintana challenges his sentence, contending the district court erred by denying him a mitigating-role reduction under Guideline § 3B1.2.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Whether to grant a mitigating-role reduction is a factual finding, *e.g.*, *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016), which, as discussed above, is reviewed for clear error.  Guideline § 3B1.2, the mitigating-role provision, provides for an offense-level reduction for a defendant who was a "minimal" or "minor" participant in the criminal activity, *i.e.*, "a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity".  U.S.S.G. § 3B1.2, cmt. n.3(A).

This mitigating-role provision, however, "does not provide an affirmative right to a [Guideline] § 3B1.2 reduction to every actor *but* the criminal mastermind".  *United States v. Gomez-Valle*, 828 F.3d 324, 331 (5th Cir. 2016) (emphasis in original).  Instead, in determining whether to apply the mitigating-role reduction, "court[s] should consider the . . . non-

exhaustive list of factors" provided in the commentary to Guideline § 3B1.2. U.S.S.G. § 3B1.2, cmt. n.3(C). When some of the factors support the adjustment, but others do not, it is not clear error to deny the adjustment. *See United States v. Bello-Sanchez*, 872 F.3d 260, 264–65 (5th Cir. 2017).

There is no evidence that Montes-Quintana planned, organized, or exercised decision-making authority in the criminal activity. *See* U.S.S.G. § 3B1.2 cmt. 3(c)(ii)–(iii). On the other hand, he helped transport nearly 480 kilograms of marihuana into the United States by truck, accepted a handheld radio to communicate with the intended recipient of the marihuana, and cut a fence to allow the vehicle to cross the international border. The sheer quantity of marihuana that Montes-Quintana was involved with transporting supports the determination that he "understood the scope and structure of the criminal activity". *See* U.S.S.G. § 3B1.2 cmt. 3(c)(i); *United States v. Torres-Hernandez*, 843 F.3d 203, 209 (5th Cir. 2016) ("[Defendant] certainly understood that he and those accompanying him were illegally transporting mari[h]uana within the United States, as part of the distribution chain.").

The "nature and extent of the defendant's participation in the commission of the criminal activity", therefore, supports a determination that he was not a minor or minimal participant. U.S.S.G. § 3B1.2 cmt. 3(c)(iv); *Torres-Hernandez*, 843 F.3d at 209–10 (denying a mitigating-role reduction to a drug courier). In short, the court's factual finding that Montes-Quintana did not play a minor role in the offense is plausible in the light of the record as a whole and is not clearly erroneous. *See Bello-Sanchez*, 872 F.3d at 264–65.

AFFIRMED.