# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 22, 2022

Lyle W. Cayce
Clerk

No. 21-40327
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RUBEN CABRERA SAUCEDO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-452-2

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Ruben Cabrera Saucedo was convicted of: conspiracy to kidnap, in violation of 18 U.S.C. § 1201(a)(1); kidnapping, in violation of 18 U.S.C. §§ 1201(1)(1) and 2; and using, carrying, brandishing, or discharging a firearm during a crime of violence, in violation of §§ 924(c)(1) and 2. He was

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

sentenced to, *inter alia*, concurrent 188-month terms of imprisonment on the conspiracy and kidnapping counts and 84 months' imprisonment on the § 924(c) count, to run consecutively, for a total of 272 months' imprisonment. Our court affirmed on direct appeal. *United States v. Cabrera Saucedo*, 384 F. App'x 312, 314 (5th Cir. 2010).

Saucedo filed for habeas relief under 28 U.S.C. § 2255, claiming his brandishing conviction should be vacated in the light of *Johnson v. United States*, 576 U.S. 591 (2015). The district court denied the § 2255 motion, and, *inter alia*, our court denied issuance of a certificate of appealability, *United States v. Cabrera Saucedo*, No. 16-41221, 38 (5th Cir. 31 July 2017).

In 2019, however, our court granted Saucedo permission to file a successive § 2255 motion on the basis that his § 924(c) conviction was no longer valid in the light of *United States v. Davis*, 139 S. Ct. 2319 (2019), because the predicate offense, kidnapping, was not a crime of violence under the elements clause of § 924(c)(3). The Government conceded that Saucedo was entitled to relief and requested the district court to vacate the § 924(c) conviction and all three sentences, and resentence him on the two kidnapping convictions. The court vacated the § 924(c) conviction and resentenced Saucedo to, *inter alia*, concurrent 262-month terms of imprisonment on the kidnapping convictions.

Saucedo asserts the district court erred by: holding a full resentencing on the two kidnapping convictions; and denying a minor-role adjustment under Sentencing Guideline § 3B1.2.

We need not decide whether the standard of review is *de novo* or abuse of discretion. Under either, Saucedo's challenges fail.

The vacatur of the § 924(c) conviction had implications for the sentences on the two kidnapping convictions. Saucedo was sentenced originally to 188 months' imprisonment on the conspiracy and kidnapping

counts, which represented the bottom of the then-applicable advisory Guidelines sentencing range. The district court had then desired to reach a fair aggregate sentence. Therefore, in fashioning the 188-month terms, it accounted for Saucedo's facing a mandatory minimum sentence on the § 924(c) count. Accordingly, the vacatur of that § 924(c) conviction changed the circumstances surrounding the original sentencing and required review of the entire sentence. *See United States v. McRae*, 795 F.3d 471, 483–84 (5th Cir. 2015).

Turning to the Guideline § 3B1.2 role-adjustment issue, the court's interpretation and application of the Guidelines is reviewed *de novo*; its factual finding that Saucedo was not a minor participant, for clear error. *See United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016). In the light of the record, the court could plausibly find that Saucedo's actions were not "peripheral to the advancement" of the offense at issue, but instead established that his participation in the offense was average relative to the other participants. *See United States v. Castro*, 843 F.3d 608, 613–14 (5th Cir. 2016) (explaining "it is improper for a court to award a § 3B1.2 adjustment simply because a defendant does less than the other participants") (alteration in original) (citation omitted); *Gomez-Valle*, 828 F.3d at 327 (explaining "[a] factual finding is not clearly erroneous if it is plausible in light of the record read as a whole" (citation omitted)).

Insofar as Saucedo asserts that the court misapplied § 3B1.2 because it used the term "emboldened" when describing his conduct, nothing in the record suggests that the use of the term was to infer or characterize his role as integral or critical to the kidnapping. Even if this term could be construed as giving determinative weight to his conduct, it was not the sole factor relied upon by the court. *See United States v. Bello-Sanchez*, 872 F.3d 260, 264–65 (5th Cir. 2017) (affirming judgment and reasoning that defendant's integral role was only one factor relied on by the court). Accordingly, the court did

No. 21-40327

not clearly err in denying Saucedo's request for a minor-role adjustment. *See Castro*, 843 F.3d at 613–14; *Gomez-Valle*, 828 F.3d at 327.

AFFIRMED.