# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2022

Lyle W. Cayce
Clerk

No. 21-11101
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERICA CARRANZA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-32-1

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

Erica Carranza pled guilty to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). She was sentenced within the Guidelines range to 19 months of imprisonment and 2 years of supervised release. She

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

appeals her sentence, arguing that the district court clearly erred by denying her a two-level minor role reduction under U.S.S.G. § 3B1.2(b).

Because Carranza preserved her arguments by raising them in the district court, we review the district court's interpretation and application of the Sentencing Guidelines *de novo* and its "findings of fact and its application of the Sentencing Guidelines to those findings of fact . . . for clear error." *United States v. Cedillo–Narvaez*, 761 F.3d 397, 401 (5th Cir. 2014). Whether a defendant is a minor or minimal participant under Section 3B1.2 is a factual question reviewed for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016).

A defendant who is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal," is eligible for a two-level decrease under Section 3B1.2(b). § 3B1.2, cmt. n.5. "[T]o qualify . . . a defendant must have been peripheral to the advancement of the illicit activity." *United States v. Anchundia-Espinoza*, 897 F.3d 629, 634 (5th Cir. 2018) (citation omitted). The defendant has the burden of demonstrating by a preponderance of the evidence that an adjustment was warranted. *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016).

Carranza argues that a two-level reduction was warranted because her involvement was peripheral to the overall money laundering operation. She emphasizes that she sent the fewest wires, 14 out of a total of 713, and wired the least amount of money, $13,201.99 of the more than $664,000 in drug proceeds that were laundered.

While Carranza conducted the fewest transfers of the money laundering participants, the district court could plausibly find, based on the record as a whole, that Carranza's sending 14 wire transfers over the course of a year and a half was not peripheral to the advancement of the illegal activity and did not warrant the application of a two-level reduction. It is true

that no evidence was presented to show that Carranza engaged in any high-level planning or directly benefited financially. However, those are just two factors that the district court considers in determining whether to apply a Section 3B1.2 reduction; other factors weigh against application of a reduction. *See United States v. Bello-Sanchez*, 872 F.3d 260, 264-65 (5th Cir. 2017); § 3B1.2 cmt. n.3(C)(i)-(v).

There is no dispute that Carranza knew she was laundering drug proceeds. Additionally, the same evidence Carranza relies upon to support her argument that she was acting at the behest of her family — that she lived in the same house as the other more culpable family members — just as plausibly supports the conclusion that the money laundering was "a family enterprise," as the Government argued at sentencing, and that Carranza was aware of the scope and structure of the enterprise and willingly participated in it. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Harris*, 740 F.3d 956, 967 (5th Cir. 2014) (citation omitted). Moreover, sending wire transfers was not a peripheral activity. It was the method by which the participants transferred drug proceeds out of the United States to Mexico, and Carranza engaged in that activity for almost a year and a half.

Because the finding that Carranza was not a minor participant in the money laundering offense was plausible in light of the record as a whole, the district court did not clearly err by denying a Section 3B1.2(b) role reduction. *See Anchundia-Espinoza*, 897 F.3d at 634-35.

AFFIRMED.