**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5046**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

AGUSTO VALVERDE-MORALES,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:11-cr-00134-JAB-3)

Submitted: April 19, 2012        Decided: April 26, 2012

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Anne R. Littlejohn, LAW OFFICE OF ANNE R. LITTLEJOHN, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Agusto Valverde-Morales appeals the twenty-two-month sentence he received on his guilty plea to one count of importation of an alien for an immoral purpose, in violation of 8 U.S.C. § 1328 (2006). The lone issue he asserts on appeal is that the sentencing court erred in declining to grant him a two-level minor participant reduction under U.S. Sentencing Guidelines Manual ("USSG") § 3B1.2(b) (2011). For the following reasons, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In assessing whether a sentencing court properly applied the Guidelines, the district court's factual findings are reviewed for clear error and its legal conclusions are reviewed de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks, alteration, and citation omitted).

Under the Guidelines, a defendant who is only a "minor participant" in criminal activity is eligible for a two-level reduction in offense level. USSG § 3B1.2(b). This applies to a defendant who is "substantially less culpable than the average

2

participant," "but whose role could not be described as minimal." USSG § 3B1.2(b), cmt. n.3(A) & n.5. While the decision whether the defendant played a minor role hinges in part on a comparison of his conduct with that of his co-defendants, the "critical inquiry is . . . not just whether the defendant has done fewer bad acts than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense." United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001) (citations omitted). The defendant has the burden of showing by a preponderance of the evidence that he played a minor role in the offense. United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999).

Under these principles, we are convinced that the district court did not clearly err in finding the minor participant reduction inapplicable to Valverde-Morales. The statute under which Valverde-Morales was convicted, 8 U.S.C. § 1328, forbids the importation of an alien for prostitution and criminalizes anyone who "keep[s], maintain[s], control[s], support[s], employ[s], or harbor[s] in any house or other place, for the purpose of prostitution or for any other immoral purpose, any alien, in pursuance of such illegal importation." Id. Although Valverde-Morales insists that he served at the Fitch Street location in largely a janitorial capacity rather than as a substantial member of the prostitution ring, he has

3

admitted that he maintained the residence at which several of the prostitutes were held and that he transported various of the prostitutes and his codefendants to assignations with their clients. We believe this involvement is, at minimum, "material . . . to committing the offense," <u>Pratt</u>, 239 F.3d at 646, inasmuch as it contributed to the maintenance, support, and harboring of the illegal prostitution activity. <u>See</u> 8 U.S.C. § 1328. As a result, the district court did not clearly err in denying Valverde-Morales' request for a two-level reduction under § 3B1.2(b).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument will not aid the decisional process.

<u>AFFIRMED</u>