**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4101**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

v.

KRISTEN HOFFLER,

    Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge. (5:20-cr-00016-JPB-JPM-24)

Submitted:  October 28, 2022                    Decided:  December 28, 2022

Before WYNN, THACKER, and HARRIS, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

**ON BRIEF:** Douglas Sughrue, SUGHRUE LAW, Pittsburgh, Pennsylvania, for Appellant.  William Ihlenfeld, United States Attorney, Shawn M. Adkins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kristen Hoffler pleaded guilty to four counts related to a drug conspiracy. The district court sentenced her to 46 months' imprisonment and six years of supervised release. She appeals her sentence, challenging the district court's application of specific U.S. Sentencing Guidelines and the reasonableness of her sentence. For the reasons given herein, we affirm in part, vacate in part, and remand for resentencing.

I.

This case arises out of an investigation into a drug conspiracy in the Wheeling, West Virginia, region. Agents with a drug task force were investigating Damion Pippens and later identified Willie Johnson, Ashly Phillips, and Hoffler as additional targets. Johnson was Hoffler's boyfriend and lived with her at her apartment.

In April 2020, investigators executed a search warrant on Hoffler's apartment. There, they discovered 81 grams of heroin and approximately 10 grams of cocaine base. During subsequent interviews with the investigators, Hoffler said Pippens (who was traveling from Cleveland, Ohio, to Wheeling each week to distribute drugs) had been staying at her apartment a few nights per week from September or October 2019 through the execution of the search warrant in April 2020; that he would leave money or bring groceries in exchange for staying at the apartment; and that she had seen him routinely bring a bag into the apartment that she suspected contained heroin. Hoffler also said that on approximately seven occasions, Pippens directed her to pick up money from Phillips and leave it for Pippens, and that a handful of times Hoffler delivered drugs at Johnson's

2

direction. Investigators did not conduct any controlled purchases at Hoffler's apartment nor was there any other evidence of drug sales occurring there.

Hoffler has no criminal history. Before the events in question she was consistently employed, most recently as a bartender. She is a college graduate and, at the time of her arrest, was working on her master's degree in business at Wheeling Jesuit University.

In August 2020, a federal grand jury returned a fifty-count indictment. Hoffler was charged in four of the counts: conspiracy to distribute and possess with the intent to distribute cocaine base, methamphetamine, heroin, and fentanyl; two counts of aiding and abetting with intent to distribute a controlled substance within 1,000 feet of a protected location (one count for heroin and one count for cocaine base); and maintaining a drug-involved premises within 1,000 feet of a protected location, in this case a "housing facility owned by a public housing authority." 21 U.S.C. § 860(a).

In July 2021, Hoffler pleaded guilty (without the benefit of a plea agreement) to all four counts. Prior to sentencing, she filed 1) objections to the draft presentence report, objecting to the application of a two-level enhancement for maintaining a drug-involved premises and arguing she was entitled to a four- to six-level reduction for being a minimal participant in the conspiracy; 2) a "motion for application of § 3B1.2(a) and § 2D1.1(b)(17)," repeating her earlier arguments about being a minimal participant; and 3) a sentencing memorandum, which discusses application of the sentencing factors under 18 U.S.C. § 3553(a) and details her lack of criminal history, her education and employment, her attempted cooperation with law enforcement, and her support from friends and family.

3

Hoffler's sentencing hearing occurred in February 2022. As to the Sentencing Guidelines calculation, the district court overruled Hoffler's objection to the two-level increase for maintaining a drug-involved premises and denied her request for a reduction for being a minimal participant in the conspiracy. It thereafter calculated her Guidelines range as 46 to 57 months and sentenced her to 46 months' imprisonment on each of the four counts, to be served concurrently, followed by six years of supervised release. Hoffler timely appealed.

## II.

Hoffler first argues that the district court erred in calculating her Guidelines range. In determining whether a district court properly applied the Sentencing Guidelines, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Oceanic Illsabe Ltd.*, 889 F.3d 178, 194 (4th Cir. 2018). Under the clear-error standard, we may not reverse a district court's findings simply because we would have reached a different result. *United States v. Charboneau*, 914 F.3d 906, 912 (4th Cir. 2019). Instead, we may only reverse if we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (citation omitted).

## A.

Hoffler contends that the district court erred when it applied a two-level enhancement to her base offense level under U.S. Sentencing Guideline § 2D1.1(b)(12), which provides, "If the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, increase [the base offense level] by 2 levels." U.S.S.G. § 2D1.1(b)(12). This provision applies to a defendant who "knowingly maintains

4

a premises (i.e., a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance, *including storage* of a controlled substance for the purpose of distribution." U.S.S.G. § 2D1.1(b)(12) cmt. n.17 (emphasis added).

There is no question that Hoffler "maintained" the premises: she rented the apartment and had control over who accessed it. S*ee id.* ("Among the factors the court should consider in determining whether the defendant 'maintained' the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises."); *United States v. Barnett*, 48 F.4th 216, 220–21 (4th Cir. 2022) (discussing the "maintained" prong).

Further, Hoffler is correct to acknowledge that, under this Guideline, a premises "may have more than one primary" use. Opening Br. at 7; *see* U.S.S.G. § 2D1.1(b)(12) cmt. n.17 (drug distribution "need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises"); *United States v. Byers*, 779 F. App'x 170, 171 (4th Cir. 2019) (per curiam) ("[A]mple case law establishes that drug distribution need only be one primary purpose of the premises to qualify for the enhancement." (collecting cases)). This is true even for a residence, "where the activity of living there will invariably be the main" purpose. *United States v. Bell*, 766 F.3d 634, 638 (6th Cir. 2014); *see United States v. Murphy*, 901 F.3d 1185, 1191 (10th Cir. 2018) ("Actual drug dealing may not be a constant in a home, but the home may well serve as a safe place to store drugs, cash derived from drug sales . . . , and tools of the trade (such as equipment related to selling drugs and firearms), as well as serve as a headquarters for

5

drug-related operations."); *United States v. Burks*, No. 21-4557, 2022 WL 4463113, at *2 (4th Cir. Sept. 26, 2022) (per curiam) (affirming application of this enhancement to defendant who sold drugs from his home); *United States v. Harstine*, 811 F. App'x 852, 853 (4th Cir. 2020) (per curiam) (same for defendant who used his mobile home "both to package drugs and to serve, in effect, as a dispensary for his middleman").

At the sentencing hearing, the district court rejected Hoffler's argument that this enhancement was improperly applied to her, concluding:

> With regard to maintaining a premises, obviously the first issue is she pled guilty to it. But there's a basis for that guilty plea. She had the possessory interest. She could have evicted everybody else out of that apartment. She allowed the drug activity to take place and participated in it. And she profited by it by getting rent and food money. And she had a dedicated room for a known drug dealer to stay in the apartment.

J.A. 145.[1] The district court did not clearly err in reaching these conclusions.

Indeed, Hoffler pleaded guilty to the offense of maintaining a drug-involved premises within 1,000 feet of a protected location. She permitted Pippens and Johnson to stay and to store controlled substances at her apartment over the course of six to seven months, knowing they were selling drugs. In other words, Hoffler "was an indispensable link in [Pippens's] drug distribution chain, and the conduct of which she was found guilty played an integral part in establishing the principal use for the premises." *United States v. Clark*, 665 F. App'x 298, 302 (4th Cir. 2016) (per curiam) (affirming application of this enhancement). We affirm the district court's application of this Guideline to Hoffler.

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

B.

Hoffler next argues that the district court erred in denying her request for an adjustment for a mitigating role under U.S. Sentencing Guideline § 3B1.2. "Section 3B1.2 of the Sentencing Guidelines provides for various reductions to a defendant's offense level if the defendant played a part in committing the offense that makes [her] substantially less culpable than the average participant." *United States v. Powell*, 680 F.3d 350, 358 (4th Cir. 2012) (internal quotation marks and alterations omitted). A defendant may receive a four-level reduction in her offense level if she was a "minimal participant" in the criminal activity, a two-level reduction if she was a "minor participant," and a three-level reduction if her participation fell between minimal and minor. U.S.S.G. § 3B1.2.

A minimal participant is one who plays a "minimal role" and is "plainly among the least culpable of those involved" in the offense. *Id.* § 3B1.2 cmt. n.4. A "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." *Id.* A minor participant is one who is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." *Id.* § 3B1.2 cmt. n.5. A mitigating role determination is "heavily dependent upon the facts of the particular case." *Id.* § 3B1.2 cmt. n.3(C).

The Sentencing Commission has set out a non-exhaustive list of factors to aid in this determination, which includes "the degree to which the defendant understood the scope and structure of the criminal activity," "the degree to which the defendant participated in planning or organizing the criminal activity," and "the nature and extent of the defendant's participation in the commission of the criminal activity." *Id.* But the court cannot just

7

mechanically tally conduct; the "critical inquiry is . . . not just whether the defendant has done fewer bad acts than [her] co-defendants, but whether the defendant's conduct is material or essential to committing the offense." *United States v. Valverde-Morales*, 477 F. App'x 972, 973 (4th Cir. 2012) (per curiam) (quoting *United States v. Pratt*, 239 F.3d 640, 646 (4th Cir. 2001)).

Here, Hoffler sought a four-level decrease based on being a minimal participant under § 3B1.2. The district court concluded that, "[w]ith regard to a minimal participant, no, she did not control everything, but . . . this Court does not find her participation to be minimal for the reasons I've stated above. She was actively selling drugs. She was profiting by them. She was allowing people to deal drugs from her apartment, all with knowledge." J.A. 145. While Hoffler's role in the conspiracy may have been more limited than that of Pippens and Johnson, "[m]any conspirators may be less culpable than their coconspirators without being substantially so," *United States v. Guerrero-Deleon*, 713 F. App'x 163, 166 (4th Cir. 2017) (unpublished), and a mitigating-role reduction "is not automatically awarded to the least culpable conspirator," *United States v. Hassan*, 742 F.3d 104, 150 (4th Cir. 2014).

Indeed, we have said that classification as a minimal participant "is to be used infrequently" and that a defendant is not entitled to minimal participant status "unless she has had an extremely limited role in a criminal enterprise." *United States v. Reavis*, 48 F.3d 763, 769 (4th Cir. 1995). Likewise, a minor participant may be "less culpable" than most other participants in the conspiracy, "but [her] role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5. Hoffler's conduct—providing a place for the drugs to be stored

8

for an out-of-town distributor, benefiting in the form of rent payment from the primary

dealer, and assisting in distribution on a handful of occasions—is fairly said to be "material

or essential" to the conspiracy and not "minimal." *Valverde-Morales*, 477 F. App'x at 973.

Accordingly, we affirm the district court's application of this Guideline to Hoffler.[2]

### III.

Finally, Hoffler argues that the district court inadequately considered the sentencing

factors under 18 U.S.C § 3553(a). We agree.

We "review all sentences—whether inside, just outside, or significantly outside the

Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Blue*,

877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).

To issue a procedurally reasonable sentence, "a district court must conduct an

individualized assessment of the facts and arguments presented and impose an appropriate

sentence, and it must explain the sentence chosen." *United States v. Nance*, 957 F.3d 204,

212 (4th. Cir.) (citing *Blue*, 877 F.3d at 518) (internal quotation marks omitted), *cert.

denied*, 141 S. Ct. 687 (2020). This means the district court's explanation "should provide

some indication that the court considered the § 3553(a) factors and applied them to the

particular defendant, and also that it considered a defendant's nonfrivolous arguments for

---

[2] Hoffler also argues that the district court erred in denying her request for a reduction based on an "intimate or familial relationship" under U.S. Sentencing Guideline § 2D1.1(b)(17). That provision provides for a two-level reduction in the defendant's base level offense only "[i]f the defendant receives the 4-level ('minimal participant') reduction in § 3B1.2(a)" and certain other factors are met. Because we affirm the district court on Hoffler's minimal-participant argument, we likewise conclude that Hoffler is not eligible for this further reduction.

a lower sentence." *Id.* at 212–13 (cleaned up). The district court's sentencing explanation

does not need to be "exhaustive" or "robotically tick" through the § 3553(a) factors. *United*

*States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021) (citations omitted). But we do "require

district courts to 'address or consider all non-frivolous reasons presented for imposing a

different sentence and explain why it has rejected those arguments.'" *United States v.*

*Lester*, 816 F. App'x 780, 798 (4th Cir. 2020) (per curiam) (alterations omitted) (quoting

*United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019)).

After imposing a sentence of 46 months' imprisonment and six years of supervised

release, the district court said the following in explanation of its sentence:

> In reaching my decision as to the proper sentence to be imposed, I've considered all the factors set forth in 18 U.S.C. [§] 3553, and including the fact that the defendant is a college graduate, she's been employed, she's been clean on pretrial release, but I balance that against the provision of a house from which drugs were being distributed, her own participation in those drugs, and her continuing relationship with one of the drug dealers. And based on all of those factors, I have determined to sentence at the very lowest end of the applicable guideline range.

J.A. 166.

As Hoffler notes in her brief before this Court, prior to sentencing she filed a

sentencing memorandum in which she sought a variance "to reflect [her] age, lack of

criminal history, acceptance of responsibility, cooperation and remorse, substantially

minimal recidivism risk, strong employment history, and insignificant role in the subject

drug-trafficking enterprise." Opening Br. at 41.

The district court could fairly be said to have addressed three of these arguments at

Hoffler's sentencing hearing: 1) Hoffler's "strong employment history," with the court's

10

reference (albeit brief) that it had considered "the fact that the defendant is a college graduate, she's been employed," J.A. 166; 2) her "insignificant role" in the drug conspiracy, the court having addressed similar arguments when it ruled on Hoffler's Guidelines objections under § 2D1.1(b)(12) (drug-involved premises) and § 3B1.2 (mitigating role); and 3) her acceptance of responsibility, to the extent Hoffler received a three-level reduction in her Guidelines calculation under Sentencing Guideline § 3E1.1 for acceptance of responsibility. The court also noted that Hoffler was "clean on pretrial release." J.A. 166.[3]

But Hoffler made several other arguments in favor of a sentence reduction that the district court did not consider. Perhaps most importantly, the court did not address her lack of criminal history, nor what impact that might have on her risk of recidivism. It also did not address her ongoing cooperation with law enforcement after the search warrant was executed at her house, which Hoffler argued goes to her low likelihood of recidivating.[4] And it did not specifically address counsel's arguments about Hoffler's age (24 years old at the time of the events in question) and the influence Johnson, a man twelve years her

---

[3] The district court also addressed an argument Hoffler made regarding a sentencing disparity between convictions involving cocaine base ("crack cocaine") versus powder cocaine. Hoffler does not press this argument on appeal.

[4] At sentencing, the parties discussed the lack of a government motion for substantial assistance under U.S. Sentencing Guideline § 5K1.1, which permits the court to depart from the Guidelines "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person." U.S.S.G. § 5K1.1. While only the government can file a formal § 5K1.1 motion, *United States v. LeRose*, 219 F.3d 335, 341–42 (4th Cir. 2000), the court can still consider what effect, if any, Hoffler's actions had on its own analysis of the § 3553(a) factors. Here, the court did not respond to Hoffler's cooperation argument at sentencing.

senior, had on her. These arguments are "non-frivolous," going to specific sentencing factors under § 3553(a) such as the "history and characteristics of the defendant" and the "need for the sentence imposed" to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)–(2). Further, the district court engaged in minimal discussion with counsel during the hearing, so we are unable to use the "full context, including the give-and-take of a sentencing hearing" to ensure the court properly considered these specific arguments. *Nance*, 957 F.3d at 213; *see Blue*, 877 F.3d at 521 ("Reviewing courts may also infer that a sentencing court gave specific attention to a defendant's argument for a downward departure if the sentencing court engages counsel in a discussion about that argument.").

Although we give due deference to a district court's sentencing decisions, the court must "adequately explain the sentence imposed in light of [a defendant's] nonfrivolous arguments for a downward departure." *Blue*, 877 F.3d at 518. And we have vacated and remanded for resentencing in cases where the district court failed to consider non-frivolous arguments for a lower sentence. *See, e.g.*, *id.* at 519 (district court "stated that it had considered [defendant's] arguments, the § 3553(a) factors, and the Guidelines" but only addressed two arguments at sentencing, "le[aving] six arguments unaddressed"); *United States v. Perez-Paz*, 3 F.4th 120, 127–29 (4th Cir. 2021) (remanding for resentencing when district court addressed several mitigation arguments but failed to address two non-frivolous arguments regarding prior convictions and sentencing disparities); *United States v. Webb*, 965 F.3d 262, 270–72 (4th Cir. 2020) (remanding for resentencing when district

12

court failed to address defendant's non-frivolous arguments about recidivism, sentencing disparities, and work history).

We do the same here. We find the district court's sentence was procedurally unreasonable to the extent that it failed to consider Hoffler's arguments regarding her age, lack of criminal history, low risk of recidivism, and cooperation with law enforcement. For that reason, we vacate and remand to the district court for resentencing.

IV.

For the foregoing reasons, we affirm in part and vacate in part Hoffler's sentence and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED AND REMANDED IN PART*

13