# United States Court of Appeals
# for the Fifth Circuit

―――――――――

**No. 22-50503**
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
April 17, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Maria Guadalupe Rivas Camacho,

*Defendant—Appellant*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CR-1276-1

―――――――――――――――――――――

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Maria Guadalupe Rivas Camacho was convicted after a jury trial of one count of conspiring to possess with intent to distribute 500 grams or more of a substance or mixture containing a detectable amount of methamphetamine. Rivas Camacho was sentenced to a term of imprisonment of 120 months to be followed by a five-year term of supervised release. On

――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

appeal, Rivas Camacho argues that the district court erred by denying her requested jury instruction for mistake of fact. She further argues that the evidence was insufficient to support her conviction because the Government did not adequately corroborate her statements to law enforcement and did not prove the alleged conspiracy. With respect to her sentence, Rivas Camacho contends that the district court erred by failing to apply a safety-valve reduction and by denying her request for a mitigating role reduction.

First, we review the refusal to issue a jury instruction for abuse of discretion. *United States v. Orfi-Nwosu*, 549 F.3d 1005, 1008 (5th Cir. 2008). The district court errs in rejecting a proposed instruction only if the instruction was (1) substantially correct, (2) was not substantially covered in the charge given to the jury, and (3) concerned an important issue in the trial so that the failure to give it seriously impaired the defendant's ability to present a given defense. *United States v. John*, 309 F.3d 298, 304 (5th Cir. 2002). When read in its entirety, the record shows that the requested instruction on mistake of fact was substantially encompassed in the jury charge. Accordingly, Rivas Camacho has not demonstrated that the district court abused its discretion in refusing the proposed instruction. *See Orfi-Nwosu*, 549 F.3d at 1008.

When viewing all of the evidence in the light most favorable to the Government, a reasonable jury could have found that the evidence established Rivas Camacho's knowledge and participation in the drug conspiracy given her actions and the large quantity of methamphetamine recovered from inside the house. *See United States v. Barnes*, 803 F.3d 209, 215 (5th Cir. 2015); *United States v. Masha*, 990 F.3d 436, 442–43 (5th Cir. 2021). The jury, hearing Rivas Camacho's testimony and observing her demeanor as well as hearing the testimony of the Government witnesses, was entitled to evaluate and resolve whether her statements should be viewed as believable. *See United States v. Sanchez*, 961 F.2d 1169, 1173 (5th Cir. 1992).

The record provides a valid basis for the district court's decision not to apply the safety-valve adjustment. *United States v. Oti*, 872 F.3d 678, 699-700 (5th Cir. 2017). The burden was on Rivas Camacho to show that she truthfully provided the Government with all relevant information and evidence regarding the offense. *See* 18 U.S.C. § 3553(f)(5); *United States v. Flanagan*, 80 F.3d 143, 146–47 (5th Cir. 1996). The district court questioned Rivas Camacho and reviewed the entirety of the record to make its own finding that she was ineligible for safety-valve relief. Given the tenor of the court's questioning, it is apparent that the court did not believe Rivas Camacho had been forthright. *See United States v. Towns*, 718 F.3d 404, 411 (5th Cir. 2013). Insofar as Rivas Camacho argues that the district court failed to make sufficient findings to allow meaningful appellate review, there is no indication that a more detailed explanation would have resulted in a lesser sentence. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Rivas Camacho has not shown she was entitled to a mitigating role reduction. First, the record does not show that she requested that the district court articulate a factual basis for denying such a reduction, and, thus, she has not shown that the district court plainly erred in that respect. *See United States v. Bello-Sanchez*, 872 F.3d 260, 266 (5th Cir. 2017); *see also Puckett*, 556 U.S. at 135. Next, the factors present a "mixed bag" and "support a plausible judgment in either direction." *Bello-Sanchez*, 872 F.3d at 264–65. Thus, the district court's determination that Rivas Camacho was at least an average participant in the conspiracy is plausible in light of the record as a whole. *See United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016).

AFFIRMED.