# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-40730
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 2, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DANAY REGO-PLASENCIA,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:18-CR-405-2

---

Before BARKSDALE, HIGGINSON, and HO, *Circuit Judges*.

PER CURIAM:[*]

Following a bench trial, Danay Rego-Plasencia was convicted of multiple counts in connection with her participating in smuggling illegal aliens into the United States in a tractor-trailer. *See* 8 U.S.C. §§ 2, 1324. She was sentenced to a below-Guidelines range of 40-months' imprisonment.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 21-40730

Rego maintains the district court erred in denying her request for a four-level minimal-role reduction pursuant to Sentencing Guideline § 3B1.2(a).

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The district court's finding Rego was not entitled to a minimal-role adjustment is reviewed for clear error. *E.g.*, *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Id.* (citation omitted).

The record shows Rego: arranged meetings between her co-participants; served as a decoy to distract officers at the border checkpoint before the tractor-trailer crossed; drove in tandem with the tractor-trailer and scouted the highway for law enforcement; doctored the tractor-trailer's bill of lading; helped program the tractor-trailer's electronic log; and was paid thousands of dollars for her participation in the criminal activity. In the light of the record, the district court's finding she was not a minimal participant was plausible. *See* U.S.S.G. § 3B1.2 cmt. n.4; *Gomez-Valle*, 828 F.3d at 327; *United States v. Bello-Sanchez*, 872 F.3d 260, 264 (5th Cir. 2017) (noting when "factors support a plausible judgment in either direction", denial of reduction is not clearly erroneous).

2

Regarding that finding, and for the first time on appeal, Rego asserts that, in denying the minimal-role adjustment, the court erroneously compared her to participants in alien-smuggling crimes generally, instead of the co-participants in her specific case. Because Rego did not raise this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under that standard, Rego must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Even assuming *arguendo* the court committed the requisite clear-or-obvious error, Rego could not demonstrate her substantial rights were affected because the evidence supports denial of a minimal-role adjustment under the correct standard (her co-participants). *E.g.*, *id.*; *Bello-Sanchez*, 872 F.3d at 264; *United States v. Perez*, 484 F.3d 735, 745 (5th Cir. 2007) (holding that even if court erred by using incorrect legal standard in applying sentencing enhancements, error did not affect defendant's substantial rights because there was "sufficient evidence to support the enhancements under the correct standard").

AFFIRMED.